IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TISHA REED, NATASHA WALKER, and KAYLEE METZ, on behalf of themselves and all others similarly situated,** | : : : : : : |
| **Plaintiffs** | : Civ. No. 15-CV-0298 : : |
| v. | : : |
| **FRIENDLY'S ICE CREAM, LLC and TICC, INC.,** | : : : **Judge Sylvia H. Rambo** |
| **Defendants** | : |

# M E M O R A N D U M

In this putative class and collective action, Plaintiffs assert claims against Defendants for violations of the Fair Labor Standards Act of 1938 ("FLSA") as well as state labor and wage laws relating to, *inter alia*, unpaid overtime and tipped versus non-tipped work duties and pay rates for servers employed at Friendly's restaurants owned by Defendants. Presently before the court are two motions for partial dismissal, one filed by Defendant Friendly's Ice Cream, LLC and one by Defendant TICC, Inc., seeking to dismiss: (1) Plaintiffs' claims against independently owned franchisees not named as defendants; (2) Plaintiffs' allegations of a joint employment relationship among Defendants and the owners of other Friendly's restaurants nationwide; and (3) Plaintiffs' FLSA claims and requests for injunctive relief against TICC. For the reasons stated herein, the motions will be denied.

I. **Background**

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). Thus, for the purposes of the motions *sub judice*, the court only considers the allegations contained in the complaint (Doc. 25), and will accept as true all well-pleaded factual allegations contained therein. *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998) (citing *Warth v. Seldin*, 422 U.S. 490, 501 (1975)).

A. **Facts**

Plaintiffs Tisha Reed ("Reed"), Natasha Walker ("Walker"), and Kaylee Metz ("Metz" and, collectively with Reed and Walker, "Plaintiffs") were, at all relevant times, employed as servers at Friendly's® restaurants owned by Defendant Friendly's Ice Cream, LLC ("FIC") and Defendant TICC, Inc. ("TICC"). (Doc. 25, ¶¶ 9-11.) FIC is headquartered in Massachusetts, but operates more than 300 Friendly's restaurants throughout fourteen states stretching from Maine to Florida, including approximately sixty restaurants in Pennsylvania. (*Id.* at ¶ 14.) Roughly half of the Friendly's restaurants are owned by FIC, and the other half are owned by franchisees. (*Id.*) TICC has its headquarters in Pennsylvania and is the largest franchisee of Friendly's restaurants in the Commonwealth with six restaurants. (*Id.* at ¶ 15.) Reed and Walker were

employed at a Friendly's restaurant in Gettysburg, Pennsylvania owned by FIC, while Metz worked at a Friendly's restaurant in Lancaster, Pennsylvania owned by TICC before moving to the Gettysburg location. (*Id.*)

As alleged in the complaint, FIC required servers at Friendly's restaurants to perform work tasks "off-the-clock," both during unpaid meal breaks and after clocking out at the end of shifts. (*Id.* at ¶ 12.) Servers also regularly worked more than forty hours per week, but were not paid overtime. In addition, although Plaintiffs were paid at the tipped minimum wage of $2.83 per hour, they spent more than twenty percent of their time at work on non-tipped work such as cleaning and restocking, for which they should have been paid the non-tipped minimum wage of $7.25 per hour. (*Id.*)

Plaintiffs allege that FIC oversaw the day-to-day operations of all Friendly's restaurants, created and enforced all policies related to employees' wages and work tasks, and in fact operated as a joint employer and integrated enterprise with its franchisees due to its level of oversight of and involvement with each restaurant. (*Id.* at ¶¶ 16-20, 33.) FIC's website describes extensive "on-going operations support" of its franchisees, which includes "quality assurance visits, marketing and advertising services and many others." (*Id.* at ¶ 22 (citing *http://www.friendlys.com/about-friendlys/franchising* (last visited May 28, 2015) ). Plaintiffs further allege that these employment policies as well as the publicly-stated goals for

customer experience and satisfaction at all Friendly's restaurants are identical among restaurants owned by FIC and restaurants owned by franchisees. (*Id.* at ¶¶ 34-37.)

### B. <u>Procedural History</u>

Former plaintiff Lacey Zartman initiated this action on February 11, 2015 by filing a class and collective action complaint against FIC. (Doc. 1.) Ms. Zartman, however, was bound by a mandatory arbitration agreement she had signed with FIC which prevented her from instituting litigation against FIC. In lieu of filing a motion to dismiss, FIC consented to an amended complaint, which was filed on June 1, 2015, naming Reed and Walker as Plaintiffs and removing Ms. Zartman. (Doc. 13.) On July 1, 2015, FIC filed a partial motion to dismiss on the basis that Reed and Walker lacked standing to pursue claims against Friendly's restaurants owned by franchisees. (*See* Doc. 19.)

After the court granted an extension of time (Doc. 24), Plaintiffs responded to the motion to dismiss by filing a second amended complaint on August 28, 2015, which added Plaintiff Metz and Defendant TICC, and included joint employment allegations regarding FIC, TICC, and all other Friendly's franchisees (*see* Doc. 25). The court granted extensions of time to respond for each Defendant (Docs. 28 & 33), and on September 25, 2015, FIC filed another partial motion to dismiss, arguing that Plaintiffs do not have standing to pursue claims against

unnamed franchisees and that Plaintiffs have not met their pleading burden with regard to the joint employment allegations in the second amended complaint. (*See* Doc. 34.)

On October 19, 2015, the court granted a request to stay the case pending mediation. (Doc. 40.) Mediation proved unsuccessful, however, and on February 4, 2016, the court ordered the stay lifted and set the briefing schedule on FIC's outstanding motion to dismiss. (Doc. 48.) The February 4, 2016 order also imposed a March 2, 2016 deadline for TICC to respond to the second amended complaint and placed the expiration of the limitations period running on putative class and collective action claims on the same date. (*Id.*)

On March 2, 2016, TICC filed its own partial motion to dismiss the second amended complaint (Doc. 55) and a brief in support thereof (Doc. 56), while Plaintiffs filed their opposition to FIC's motion to dismiss (Doc. 57). FIC submitted its reply to Plaintiffs' opposition on March 16, 2016. (Doc. 59.) On March 21, 2016, Plaintiffs filed their opposition to TICC's motion to dismiss (Doc. 60), and TICC replied on March 31, 2016 (Doc. 67).

Thus, both motions to dismiss have been fully briefed and are ripe for disposition.

## II. Legal Standard

### A. Motions to Dismiss – 12(b)(1) and (6) Standards

Defendants each seek dismissal of certain claims pursuant to Federal Rule of Civil Procedure 12(b)(1). A motion to dismiss pursuant to Rule 12(b)(1) asserts a lack of subject matter jurisdiction over the complaint in the absence of standing. *See* Fed. R. Civ. P. 12(b)(1); s*ee also Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007). The standing analysis focuses on whether the "plaintiff is the proper party to bring th[e] suit." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). A motion attacking standing may be brought either as a challenge to standing in fact or as a facial challenge specific to the allegations in the complaint. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "In reviewing a facial challenge under Rule 12(b)(1), the standards relevant to Rule 12(b)(6) apply." *Samsung Elecs. Co. v. ON Semiconductor Corp.*, 541 F. Supp. 2d 645, 648 (D. Del. 2008).

Rule 12(b)(6), which governs Defendants' argument that Plaintiffs' joint employment allegations should be dismissed for failure to state a claim upon which relief can be granted, incorporates the requirement of Federal Rule of Civil Procedure 8 that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a complaint to survive dismissal it "must contain sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *United States v. Pennsylvania*, 110 F. Supp. 3d 544, 548 (M.D. Pa. 2015) (quoting *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012)); *see also* Fed. R. Civ. P. 12(b)(6).

### III. Discussion

In their second amended complaint, Plaintiffs bring putative class and collective action claims against FIC and TICC for violations of the FLSA, the Pennsylvania Minimum Wage Act ("MWA"), and the Pennsylvania Wage Payment and Collection Law ("WPCL") for the employment practices described *supra*, and state their intent to add other franchisees of FIC as defendants after certification of the class. In its motion to dismiss, FIC argues that Plaintiffs lack standing to pursue claims against franchisees other than TICC, and that Plaintiffs have failed to allege sufficient facts to support a joint employment relationship between FIC and its franchisees. (*See* Doc. 35.) TICC argues in its motion that Plaintiff Metz's claims for equitable and injunctive relief should be dismissed because those forms of relief are not available under any of the labor laws listed in

the second amended complaint, or, alternatively, because Metz lacks standing to bring such claims as a former employee and, further, because Metz's FLSA claim is time-barred. (*See* Doc. 56.) Because FIC and TICC have moved to dismiss different claims and for different reasons, the court will address each motion and the arguments contained therein separately.

### A. FIC's Motion to Dismiss

FIC first argues that Plaintiffs lack standing to pursue claims against both FIC and the unnamed Friendly's franchisees because neither FIC nor those franchisees ever employed Plaintiffs. Plaintiffs argue in response that FIC's motion to dismiss conflates standing with issues of class certification and contains premature arguments regarding issues of commonality and typicality among potential class plaintiffs who worked at other restaurants owned by FIC and unnamed franchisees. (*See* Doc. 57, pp. 6-7 of 17.) The court agrees with Plaintiffs.

Plaintiffs have standing if they allege in a complaint that they suffered an injury in fact that is traceable to conduct of the defendant and is likely to be redressed by a favorable decision from the court. *See Lujan*, 504 U.S. at 560. Here, Plaintiffs have alleged that Reed and Walker were injured by being paid less than required by the FLSA, MWA and WPCL. Plaintiffs further allege that FIC was the party responsible for both paying Reed and Walker for their work and for

establishing the policies used by its franchisees that allegedly violate the FLSA, MWA and WPCL. Finally, Plaintiffs' injuries would clearly be redressed with a monetary award from the court for their underpayment. Thus, for pleading purposes, Plaintiffs have established that they have standing against FIC and TICC, respectively, to pursue their claims. FIC's motion to dismiss the class and collective action claims is therefore a premature motion to strike the class allegations. "District courts within the Third Circuit typically conclude that motions to strike class action allegations filed before plaintiffs move for class certification are premature." *Goode v. LexisNexis Risk & Info. Analytics Grp., Inc.*, 284 F.R.D. 238, 244 (E.D. Pa. 2012); *see also Korman v. Walking Co.*, 503 F. Supp. 2d 755, 762 (E.D. Pa. 2007) ("Several district courts have held that . . . motions to strike class allegations are premature and that the proper avenue is to oppose the plaintiff's motion for class certification.") (citations omitted). Only "[i]n rare cases where it is clear from the complaint itself that the requirements for maintaining a class action cannot be met" will the court "strike the class allegations before a motion for class certification is filed." *NBL Flooring, Inc. v. Trumball Ins. Co.*, Civ. No. 10-cv-4398, 2011 WL 4481918, *1 (E.D. Pa. Sept. 27, 2011). This case is not one of those rare situations where dismissal of the class allegations is appropriate before the class certification stage.

Here, Plaintiffs have established standing against FIC and have alleged that the same illegal employment practices took place at two separate Friendly's restaurants. Plaintiffs have further alleged that FIC maintains the same policies at all of the restaurants it owns and operates, and, through a joint employment relationship with its franchisees, enforces the same policies at restaurants owned by franchisees. On the face of the complaint, Plaintiffs have met the requirements for maintaining a class action. FIC's request for dismissal of the class action and collective claims based on the fact that Plaintiffs only worked at a single FIC-owned restaurant, therefore, hinges on its argument that Plaintiffs have not sufficiently alleged facts to support a finding of a joint employment relationship among FIC and its franchisees.

"A 'single individual may stand in the relation of an employee to two or more employers at the same time under the [FLSA].'" *In re Enterprise Rent-A-Car Wage & Hour Emp't Practices Litig.*, 683 F.3d 462, 467 (3d Cir. 2012) (quoting 29 C.F.R. § 791.2(a)). "A determination as to whether a defendant is a joint employer 'must be based on a consideration of the total employment situation and the economic realities of the work relationship.'" *Id*. at 469 (quoting *Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1470-71 (9th Cir. 1983)). "In order to determine whether a defendant is a 'joint employer' under the FLSA, a court must apply the multi-factor *Enterprise* test." *Richardson v. Bezar*, Civ. No.

15-cv-0772, 2015 WL 5783685, *1 (E.D. Pa. Oct. 5, 2015) (citing *Enterprise*, 683 F.3d at 468-69). The factors to be considered under the *Enterprise* test include whether the alleged employer had: (1) authority to hire and fire the relevant employees; (2) authority to promulgate work rules and assignments and to set conditions of employment such as compensation, benefits, and work hours; (3) involvement in day-to-day employee supervision, including discipline; and (4) control of employee records, including payroll, insurance, and taxes. *Id*. at 469.

Here, Plaintiffs have alleged in the complaint that FIC was actively engaged in the day-to-day operation of all Friendly's restaurants, including restaurants it owned as well as those owned by franchisees. (Doc. 25, ¶ 19.) Plaintiffs further allege that FIC set the policies for all Friendly's restaurants, "including policies relating to hiring, training, hours of work, overtime, timekeeping and compensation." (*Id*. at ¶ 28.) Plaintiffs also allege that FIC provides "on-going operations support" to franchisees through "an assigned Franchise Business Consultant," has the authority to hire and fire employees, inspect and supervise their work through quality assurance visits, and uses the same payroll system at all restaurants. (*Id*. at ¶¶ 20, 22, 26, 32.) At least at the pleading stage, the court is satisfied that Plaintiffs have sufficiently alleged facts to support a joint employment relationship between FIC and its franchisees. *See Olvera v. Bareburger Group LLC*, 73 F. Supp. 3d 201, 207 (S.D.N.Y 2014) (holding that

plaintiffs' pleaded facts, including that franchisor set hiring, training, timekeeping and payroll policies, were enough at the pleading stage to allege a joint employment relationship between franchisor and franchisee).

Accordingly, the court will not dismiss Plaintiffs' class and collective action claims or strike any of their joint employment allegations, and will deny FIC's motion in its entirety.

### B. TICC's Motion to Dismiss

TICC's motion seeks to dismiss certain claims in the complaint alleged by Metz, who was the only Plaintiff to work for TICC. In its motion, TICC argues that equitable and injunctive relief are not available to private citizens under the FLSA, MWA, and WPCL, and, in the alternative, those forms of relief should be dismissed because Metz lacks standing to pursue them as a former employee. (*See* Doc. 56, p. 1.) TICC also argues that Metz's FLSA claim is time-barred by the two-year statute of limitations and Metz has not sufficiently alleged the willfulness required for the three-year limitations period to apply. (*Id.*) Metz argues in response that equitable and injunctive relief are available under the MWA and WPCL, and that she has properly alleged, at this stage of the litigation, that TICC willfully violated the FLSA. (*See* Doc. 60, pp. 1-2.) The court will address TICC's arguments in turn.

### 1. Private Actions for Injunctive Relief Under Pennsylvania Wage Laws

As an initial matter, Metz concedes in her opposition to TICC's motion to dismiss that equitable and injunctive relief are not available to her under the FLSA, and she has withdrawn her request for such relief in connection with her FLSA claim. (Doc. 7, p. 7); *see also Balgowan v. N.J., Dep't of Transp.*, 115 F.3d 214, 218 (3d Cir. 1997) ("Only the Secretary of Labor may initiate an action for injunctive relief under the FLSA.") (citing 29 U.S.C. § 211(a)). Metz disagrees, however, with TICC's assertion that private actions for equitable and injunctive relief are not available under the MWA and WPCL. In support of its argument, TICC points to the fact that, as with the FLSA at the federal level, it is the Pennsylvania Labor Secretary that has the right to enforce Pennsylvania's wage laws. *See* 43 Pa. Con. Stat. Ann. § 333.109 ("The Secretary shall enforce the [Minimum Wage] Act.") TICC further argues that, as with the FLSA, the MWA and WPCL do not include references to equitable or injunctive relief and such omission from these statutes – while including provisions for equitable and injunctive relief in other sections of Title 43 – suggests that the Pennsylvania General Assembly intended not to authorize such forms of relief in private actions brought pursuant to the MWA or WPCL. (Doc. 56, p. 5.)

While TICC's statutory argument is somewhat persuasive, and TICC is correct that neither the MWA nor the WPCL expressly provide for equitable or

13

injunctive relief, *see* 43 Pa. Cons. Stat. §§ 260. 9a, 333.113, neither do those statutes proscribe those forms of relief. Indeed, the court is unaware of any case holding that private actions for equitable or injunctive relief under the MWA or WPCL may not be maintained. To the contrary, several cases have allowed claims for injunctive relief under those statutes to proceed. *See Felix De Asencio v. Tyson Foods, Inc.*, 130 F. Supp. 2d 660 (E.D. Pa. 2001) (granting judicial facilitation of opt-in notices in a collective action seeking injunctive relief under the WPCL); *Feret v. Corestates Fin. Corp.*, Civ. No. 97-cv-6759, 1998 WL 512933 (E.D. Pa. Aug. 18, 1998) (certifying a class of employees seeking, *inter alia*, injunctive relief pursuant to the WPCL); *Borcky v. Liberty Travel, Inc.*, Civ. No. 95-cv-7834, 2002 WL 34100669 (Pa. C.C.P. June 20, 2002) (same). In light of the statutes' silence as to equitable and injunctive relief and the holdings in the above cases, the court is in no position to declare that private actions for equitable or injunctive relief under the MWA or WPCL are prohibited.

Nonetheless, TICC argues that, even if a private action may be brought under the MWA and WPCL for equitable or injunctive relief, Metz lacks standing to pursue the same against TICC as a former employee. (Doc. 56, p. 6.) In support thereof, TICC points to several courts, including the United States Supreme Court, which have stated that "plaintiffs no longer employed by [the employer] lack standing to seek injunctive or declaratory relief against its employment practices."

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 364 (2011); *see also Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (stating that former employee "lacked a still vital claim for prospective relief."). Because Metz stopped working for TICC in 2013, TICC argues that she lacks standing to seek injunctive relief. (Doc. 25, ¶ 11.) However, Metz left her employment at a TICC-owned Friendly's restaurant to then work at the same FIC-owned Friendly's restaurant as Reed and Walker. The complaint alleges that Metz began her employment at the FIC-owned restaurant in 2013 and continues to work there at present. (*Id.*) As discussed above with regard to FIC's motion to dismiss, at this early stage of the litigation, the court finds that Plaintiffs have sufficiently alleged a joint employment relationship between FIC and TICC, thus making Metz an employee, for purposes of her claims, of both FIC and TICC.[1] Accordingly, the court will deny TICC's motion to dismiss Plaintiffs' claims for equitable and injunctive relief under the MWA and WPCL.

### 2. Applicable Statute of Limitations for FLSA Claims

TICC's final argument is that Metz's FLSA claims are time-barred because she became a part of the instant litigation more than two years after her claims accrued and it is the two-year, rather than three-year, limitations period that applies to her FLSA claims. (*See id.*, pp. 8-11.) Metz argues in response that the three-

---

[1] Rather than arguing that no joint employment relationship exists between itself and FIC, TICC chose to reserve its right to address that argument later in this litigation. (*See* Doc. 56, p. 3 n.1.)

year limitations period applies to her claims because Plaintiffs have sufficiently alleged that Defendants' FLSA violations were willful, and the determination of whether conduct was willful is a question to be resolved by the fact-finder. (Doc. 60, pp. 3-5.)

A two-year statute of limitations applies to ordinary violations of the FLSA, but the limitations period is extended to three years for willful violations. *See* 29 U.S.C. § 255(a). For the three-year limitations period to apply to a claim, a plaintiff must allege, at the pleading stage, that "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988) (citing *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 128 (1985)). In the joint employment context, which Plaintiffs have alleged applies to their claims, "all joint employers are responsible, both individually and jointly, for compliance with all the applicable provisions of the [FLSA]." 29 C.F.R. § 791.2(a). In this setting, the willful misconduct of one joint employer is frequently imputed to its co-joint employers. *See, e.g., Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 918 (9th Cir. 2003) (holding both joint employers jointly and severally liable for damages based on "a willful violation" under 29 U.S.C. § 255(a)); *Wandrey v. CJ Professional Satellites, Inc.*, Civ. No. 14-cv-5087, 2014 WL 4425799, *4 (W.D. Ark. Sept. 9, 2014) (allowing claim for willful violation of FLSA to survive motion to dismiss

and stating that "[b]ecause they are alleged to be joint employers and part of an enterprise, all Defendants are alleged to have committed the violations [plaintiff] pleads.").

Here, TICC argues that Metz has not alleged that it acted willfully in violation of the FLSA, but instead alleges that FIC set and enforced all of the violative policies. (Doc. 56, pp. 10-11.) As with its argument that Metz lacks standing as a former employee to seek injunctive relief, TICC's argument regarding willfulness fails because Plaintiffs have successfully pleaded that FIC and TICC are joint employers under the FLSA. Plaintiffs have pleaded sufficient facts to support a finding that FIC willfully violated the FLSA, and as a joint employer, TICC is jointly and severally liable for FIC's violations. Thus, the court finds that Plaintiffs have alleged a plausible claim that FIC and TICC willfully violated the FLSA. Moreover, whether Defendants acted willfully is a question of fact that is typically inappropriate for summary judgment, much less at the motion to dismiss stage. *See Pierce v. Dolgencorp, Inc.*, Civ. No. 09-cv-0079, 2011 WL 398366, *13 (M.D. Pa. Feb. 3, 2011) (citing *Pignataro v. Port Auth. of N.Y. & N.J.*, 593 F.3d 265, 273 (3d Cir. 2010)). Accordingly, TICC's motion to dismiss Metz's claims as time-barred will be denied.

**IV.** **Conclusion**

For the reasons stated herein, the court finds that Plaintiffs have sufficiently alleged, at this early stage of the litigation, putative class and collective action claims for violations of the FLSA, MWA, and WPCL against Defendants. The court also finds that Plaintiffs have adequately alleged that Defendants are joint employers and that they willfully violated the FLSA. Accordingly, both motions to dismiss will be denied in their entirety.

An appropriate order will issue.

                                                s/Sylvia H. Rambo
                                              United States District Judge

Dated: May 11, 2016